# Patrons Mutual Fire Insurance Company of Southern Pennsylvania *v.* Coble, Appellant.

*Insurance—Mutual fire insurance—Assessments—Renewal of policy.*

Where the by-laws of a mutual fire insurance company provide that the insurance shall cease if an assessment is not paid within thirty days after demand, and it appears that after the expiration of thirty days from the demand upon a member for an assessment the policy of the member expired, and the company issued to him a renewal policy having the same number as the old policy, and practically covering the same property, but without having collected the assessment on the first policy, and thereafter certain of the property insured is destroyed by fire, the insured cannot, in an action to recover the assessment, set off the loss sustained by the fire.

Argued March 11, 1902. Appeal, No. 17, March T., 1902, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1900, No. 2, on verdict for plaintiff in case of Patrons Mutual Fire Insurance Company of Southern Pennsylvania v. David H. Coble. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover an assessment on a policy of fire insurance. Before E. W. BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

The trial judge said:

The evidence in the case proves conclusively that the policy

534 PATRONS MUT. FIRE INS. CO. *v.* COBLE, Appellant.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

dated June 9, 1899, is simply a renewal, with a slight modification, of the policy dated June 13, 1894. It has also been proven that notice of the assessment for the recovery of which the present action was brought, was given to the defendant more than thirty days prior to the date of his loss, and that the said assessment was not paid. Therefore, under article 16 of the by-laws of plaintiff company, the defendant was not insured under the policy at the date of the loss, and the motion just made by the counsel for plaintiff is sustained and an exception noted for the defendant.

Gentlemen of the jury: Under the evidence in this case the claim of the plaintiff is for $14.78, with interest from May 20, 1899, $1.54, making a total of $16.32. To the payment of this claim no legal defense has been made, and the prothonotary will therefore take a verdict in favor of the plaintiff for the sum of $16.32.

*Error assigned* was the charge of the court.

*J. W. Wetzel*, of *Wetzel & Hambleton*, for appellant, cited: Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Light v. Countrymen's Mutual Fire Ins. Co., 169 Pa. 310; Highlands v. Lurgard Mutual Fire Ins. Co., 177 Pa. 566; Kalmutz v. Northern Mutual Ins. Co., 186 Pa. 571.

*George M. Hays*, of *Hays & Hays*, for appellee, cited: Zoebisch v. Rauch, 133 Pa. 532; Dolph v. Hand, 156 Pa. 91; Kalmutz v. Northern Mutual Ins. Co., 186 Pa. 571.

OPINION BY ORLADY, J., July 10, 1902:

The plaintiff brought suit before a justice of the peace to recover an assessment on a deposit note, the execution of which is admitted under the following state of facts: On June 12, 1894, the defendant made application for and received a policy in a local mutual fire insurance company for the term of five years, and as part of the consideration gave his deposit note for $384, in which he promised to pay " at such times and by such installments as the board of directors of said company shall order and demand." The assessment was regularly made on

this premium note, in regard to which the defendant states : "I got notice of the assessment in February. It would run for sixty days before requiring it to be paid. In the mean while it slipped my memory and I got no more notices about it ; even when I went in to renew my policy they said nothing about it ; they renewed the policy." About the time of the expiration of the policy the defendant appeared at the office of the company to renew it ; a new policy, which bore the same number as the old one but was dated June 12, 1899, was issued for a term of five years, and covered practically the same property that was enumerated in the first policy although the values were changed so as to reduce the amount from $3,200 to $3,090, and at the same time the defendant gave a new premium note for $490, which was based on an increased rate on certain items in the new policy.

The defense to the plaintiff's right to recover was that after the issuance of the new policy the defendant had sustained a loss, by lightning or tornado, which he desired to set off against the plaintiff's claim and demand. This set-off is stated by him in his affidavit of defense to be $150, although on the trial it was first stated to be " somewhere near $50.00," and when itemized it amounted to $42.11. Four witnesses testified that at the hearing before the justice, the claim for loss under the second policy as made by the defendant was $5.00.

Under the defendant's testimony the second policy must be treated as a renewal of the first one. He so speaks of it a number of times, to wit: "He said to me my policy would expire on a certain day, to come in and they would renew it for me ; I went in on that day or the day before ; I think it was $2.00 ; he had it all ready, I forgot all about it when the policy was renewed ; that there was an assessment under the old policy. Even when I went in to renew my policy they said nothing about it ; they renewed the policy." It was not an independent and new contract, and the substitution of the second policy for a renewal receipt was made necessary by an order of the board of directors on account of increased rates on a certain class of property. The defendant derived an advantage from this in that he paid $1.25 for the renewal, while for a new insurance he would have been obliged to pay from $20.00 to $25.00 on the same property. The defendant was not misled by any

act of the company.   He admits that the assessment on the policy of June 12, 1894, had not been paid, and under the by-laws which control both policies it is provided, in article 16, that " whenever an assessment shall have been made upon any premium note and the same is not paid within thirty days after having been demanded by the company through its agents or collectors, protection against loss or damage by fire shall cease until such assessment is paid in full, and the directors shall retain such premium notes and collect thereon such sum or sums assessed."   He further admits that at the time the re-newal policy was taken out both he and the secretary of the company overlooked the nonpayment of the assessment.   Al-though demand has been made for it regularly he has shown no defense to its payment nor established such a set-off as would warrant the court in submitting it to a jury.

The judgment is affirmed.